United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAYA KIRAN KARTHIK PIDATALA, et al.,

Plaintiffs,

v.

JOSEPH B. EDLOW, et al.,

Defendants.

Case No. 26-cv-00228-WHO

**ORDER DENYING COUNTER-MOTION FOR LIMITED DISCOVERY**

Re: Dkt. No. 26

Defendants United States Citizenship and Immigration Services and Joseph B. Edlow (collectively, "USCIS") move for summary judgment on plaintiffs Jaya Kiran Karthik Pidatala, Lakshmi Manasa Pidatala, and their children's claims that defendants violated the Administrative Procedure Act and Due Process Clause of the Fifth Amendment by unreasonably delaying adjudication of their Form I-485 applications. In response, the Pidatalas filed a motion under Federal Rule of Civil Procedure 56(d), seeking discovery on USCIS's processing of Form I-485 applications. Because the Pidatalas have not established that they are entitled to further discovery, I find this matter appropriate for resolution without oral argument and DENY their Rule 56(d) motion.

I need plaintiffs to address the USCIS motion on the merits. I CONTINUE the hearing set for October 14, 2026, to November 18, 2026, ORDER that plaintiffs file an opposition to the USCIS motion by October 20, 2026, and ALLOW USCIS to reply by October 27, 2026.

**BACKGROUND**

The Pidatalas are all non-citizen residents of Alameda County, California. Compl. [Dkt. No. 1] ¶ 1–4. Mr. Pidatala invested $800,000 in a new commercial enterprise located in a USCIS-designated regional center. *Id.* ¶ 24. On July 8, 2025, plaintiffs filed a Form I-526E, Immigrant

Petition by Regional Center Investor, based on that investment. *Id.* ¶ 25. On or about April 3, 2026, USCIS approved the Form I-526E for the employment-based set-aside fifth preference category, which is reserved for foreign nationals who make job-creating investments in projects located in certain areas. *See* Oppo. [Dkt. No. 30] at Ex. A ("Second Badger Decl.") ¶¶ 5–6, 13.

Concurrently with the Form I-526E filing, Mr. and Mrs. Pidatala also filed Form I-485 applications to register permanent residency on July 8, 2025. Compl. ¶ 27. Those applications are still pending. Second Badger Decl. ¶ 8. The prolonged delay has hindered the Pidatalas' ability to make major life decisions, like switching careers and obtaining standard mortgage financing, and has caused them significant anxiety and distress. *See* Compl. ¶¶ 30–37.

On January 9, 2026, the Pidatalas sued USCIS, alleging unreasonable delay in violation of the Administrative Procedure Act ("APA") and seeking relief under the Mandamus Act. Compl. ¶¶ 51–61. The complaint further alleges that USCIS's combined delay and failure to act violated plaintiffs' due process rights. *Id.* ¶ 64. On August 12, 2026, USCIS moved for summary judgment. Defendants' Motion for Summary Judgment ("MSJ") [Dkt. No. 20]. The Pidatalas then filed a cross-motion for discovery under Federal Rule of Procedure 56(d). Counter-Motion for Limited Discovery Under Fed. R. Civ. P. 56(d) ("Mot.") [Dkt. No. 26].

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essentially to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To obtain such relief, the party must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (citation omitted). The party must also show that it has "pursued discovery diligently in the past and that additional discovery would prevent summary judgment." *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 642 (N.D. Cal. 2020) (citations omitted). Denial of a Rule 56(d) continuance "is proper where it is clear that the evidence sought

United States District Court
Northern District of California

is almost certainly nonexistent or is the object of pure speculation." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

**DISCUSSION**

The parties do not dispute that in the Ninth Circuit, the six-factor *TRAC* framework governs whether agency action is unreasonably delayed under the APA. *See In re A Cmty. Voice*, 878 F.3d 779, 783–84 (9th Cir. 2017) (relying upon *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*")). Under that framework, courts balance the following factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 786. The first factor, the "rule of reason," is the most important factor (though the court must consider all six factors). *Id.*

The Pidatalas argue that discovery is needed to determine whether a rule of reason exists and is being followed. Mot. at 14. They seek interrogatories and document requests directed to: (1) plaintiffs' reserved-category EB-5 Form I-485 queue position, inventory movement, and comparator processing data for applications received on or after plaintiffs' filing date of July 8, 2026; (2) the existence of any guidance governing the processing of reserved-category EB-5 Form I-485 applications; and (3) the existence of any internal audit or compliance mechanism testing adherence to any such guidance. Mot. at 11. They assert that such discovery is essential to oppose summary judgment based on counsel's knowledge of one example of an out-of-order adjudication. *See* Declaration of Jessica T. Arena ("Arena Decl.") ¶¶ 16, 27.

In response, USCIS produced two additional declarations from David Badger and Jennifer Beveridge addressing how EB-5 Form I-485 applications are processed, reasons for deviations

United States District Court
Northern District of California

from the general FIFO policy, and the number of pending EB-5 Form I-485 applications that were filed before plaintiffs' filing date. *See* Oppo. at 7–8, Ex. B ("Second Beveridge Decl."); Second Badger Decl. USCIS further contends that the discovery sought is overbroad and speculative.

I find that plaintiffs have not met their burden to show why their discovery requests are "essential" to oppose the motion for summary judgment. USCIS has clarified that EB-5 Form I-485 applications are assigned for adjudication based on a "First In, First Out" ("FIFO") method, i.e., applicants who filed earlier in time may reserve their place in the adjudication queue based on the date the application was received. Second Badger Decl. ¶ 12. Additionally, to be assigned, the underlying Form I-526E must be adjudicated, and an immigrant visa must also be immediately available. *Id.* ¶ 11. Though the USCIS Service Center "strives for comparable processing times, there may be deviations from strict FIFO policy based on individual center workloads, expedite requests, visa availability for the applicant's country of origin, unresolved background and national security checks, and other circumstances such as litigation risk issues, which may result in an application decided out of order." *Id.* ¶ 12. Courts have repeatedly held, without further discovery, that such an approach is a rule of reason. *See, e.g.*, *Sheiner v. Mayorkas*, No. 22-CV-04871-SVK, 2023 WL 3568088, at *7 (N.D. Cal. April 14, 2023) (holding that visa availability, FIFO approach is a rule of reason); *Jain v. Renaud*, No. 21-CV-03115-VKD, 2021 WL 2458356, at *4 (N.D. Cal. June 16, 2021) (same). USCIS further confirmed that plaintiffs' petitions are subject to that process. *See* Second Badger Decl. ¶ 14.

The Pidatalas argue that discovery is still needed to determine if the rule of reason is being followed with respect to their application sub-category. *See* Reply at 8–10. Plaintiffs' counsel points to one instance where an application was adjudicated out-of-order, arguing that it shows that plaintiffs' "allegation of out-of-order adjudication is not speculative[.]" Arena Decl. ¶ 27. USCIS adjudicated that application as part of a settlement, not based on the applicant's position in the queue or FIFO. *Id.* ¶ 18.

That singular data point is insufficient to justify the discovery sought. Merely pointing to one or a handful of examples of out-of-order applications does not indicate that USCIS is not applying its FIFO policy. *Patel v. Selby*, No. 26-CV-00055, 2026 WL 2589757, at *5 (C.D. Cal.

Aug. 31, 2026). Here, the out-of-order adjudication was consistent with one of USCIS's stated bases for departing from strict FIFO order: litigation risk. *See* Mot. at 16 (Badger stating that litigation risk issues may result in deviation from FIFO and that out-of-order application was adjudicated as part of a settlement); Second Badger Decl. ¶ 12. Such circumstances do not undermine a rule of reason. *See Jain*, 2021 WL 2458356, at *5 ("expedited" treatment of similarly situated applicants as the result of litigation efforts did not show lack of rule of reason). And in any event, an occasional departure from the stated order does not suggest that USCIS is deviating from its policy with respect to plaintiffs' applications. *See Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 341–42 (D.C. Cir. 2023).

Moreover, plaintiffs fail to show how the subcategory-specific discovery they seek would raise a genuine issue of material fact with respect to USCIS employing a rule of reason. Plaintiffs contend that information based on visa availability is a more accurate representation of where they are in the queue. Reply at 8. But even if USCIS produced that information, plaintiffs have not shown how it would raise a factual issue on whether that visa availability approach is reasonable. Nor have they provided any basis to think that applicants in their subcategory are processed differently or treated less favorably. *See Kapoor v. Blinken*, No. 21-CV-01961-BLF, 2022 WL 181217, at *5–6 (N.D. Cal. Jan. 20, 2022) (denying discovery where plaintiffs offered only speculation that certain types of applications were processed differently from others and failed to identify authority entitling them to such "granular detail"). Without further explanation, such "mere[] speculat[ion] that the sought-after . . . documents might contradict the evidence already before the district court" is insufficient to warrant Rule 56(d) discovery. *Palmer v. HSBC Bank, USA, NA*, No. 23-15226, 2024 WL 2287199, at *1 (9th Cir. May 21, 2024).

The Pidatalas cite to cases in which courts ordered additional discovery, but in those cases, the plaintiffs' or defendants' declarations allowed the court to infer that discovery would create a material issue of fact. In *Munoz-Barba v. Mayorkas*, No. 23-CV-03675-JSC, 2024 WL 2818850 (N.D. Cal. June 3, 2024), the defendants' own declarations raised the possibility that the processing policy was not accomplishing its goal and that the plaintiffs' applications might "languish indefinitely." *Id.* at *15. This was true in *S. Y. v. Sec'y of the Dep't of Homeland Sec.*,

No. 25-CV-01017-YGR, 2026 WL 1896219 (N.D. Cal. July 1, 2026): defendants' own evidence suggested that its "two-track method" was not achieving its stated goals. *Id.* at *3. Plaintiffs have not made a similar showing here. In *Iyer v. Mayorkas*, No. 22-CV-02288-SK, 2023 WL 4335282 (N.D. Cal. May 4, 2023), the plaintiffs' declaration presented evidence of hundreds of cases being approved and filed after the plaintiffs' cases and of plaintiffs and other EB-5 investors not being subject to FIFO processing. *See* Motion for Discovery under Rule 56(d) at 18–19, 26, *Iyer v. Mayorkas*, No. 22-CV-02288-SK (N.D. Cal. March 13, 2023), ECF No. 34. In comparison, plaintiffs only point to one out-of-order adjudication that was consistent with the stated policy and had no connection to plaintiffs' own applications.

The Pidatalas have not made the showing required under Rule 56(d). Their Rule 56(d) motion is DENIED. They shall now oppose the motion for summary judgment on the merits.

**CONCLUSION**

The Pidatalas' Rule 56(d) motion is DENIED. The Pidatalas shall file an opposition to USCIS's motion for summary judgment within 14 days of this order. USCIS will have 7 days from the filing of the opposition to file a reply. The hearing on USCIS's motion for summary judgment is RESET for Wednesday, November 18, at 2:00 p.m. by Zoom videoconference.

**IT IS SO ORDERED.**

Dated: October 6, 2026

William H. Orrick
United States District Judge